FILED

'2012 DEC 26   PM 12: 21

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMINA SALVADOR,<br>Detainee No. A200968077,<br><br>Plaintiff,<br><br>vs.<br><br>MISS CASTRAHOLMES,<br><br>Defendant. | Civil No.   12cv2684 WQH (BLM)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* [ECF No. 2];**<br><br>**(2) DENYING MOTION TO APPOINT COUNSEL [ECF No. 3]; and**<br><br>**(3) SUA SPONTE DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM** |

Amina Salvador  ("Plaintiff"), currently housed at the San Diego Detention Center located in San Diego, California, and proceeding pro se, has filed a civil action. Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, she has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [ECF No. 2], along with a Motion to Appoint Counsel [ECF No. 3].

## I.

## MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350.  *See* 28

1   U.S.C. § 1914(a).  An action may proceed despite a party's failure to pay only if the party is

2   granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493

3   F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

4   Prisoners[1] granted leave to proceed IFP however, remain obligated to pay the entire fee in

5   installments, regardless of whether the action is ultimately dismissed for any reason.  *See* 28

6   U.S.C. § 1915(b)(1) & (2).

7          The Court finds that Plaintiff has submitted a certified copy of her trust account statement

8   pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2.  Plaintiff's trust account statement

9   shows that she has insufficient funds from which to pay an initial partial filing fee.

10          Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [ECF No.  2] and

11   assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1).  However, the Court further

12   orders the Warden of the San Diego Detention Center to garnish the entire $350 balance of the

13   filing fees owed in this case, collect and forward them  to the Clerk of the Court pursuant to the

14   installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

15                                                    **II.**

16                            **MOTION FOR APPOINTMENT OF COUNSEL**

17          Plaintiff also requests the appointment of counsel to assist her in prosecuting this civil

18   action. The Constitution provides no right to appointment of counsel in a civil case, however,

19   unless an indigent litigant may lose her physical liberty if she loses the litigation. *Lassiter v.*

20   *Dept. of Social Services*, 452 U.S. 18, 25 (1981).  Nonetheless, under 28 U.S.C. § 1915(e)(1),

21   district courts are granted discretion to appoint counsel for indigent persons. This discretion may

22   be exercised only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017

23   (9th Cir. 1991).  "A finding of exceptional circumstances requires an evaluation of both the

24   'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se

25   in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and

26

27          [1] Plaintiff has indicated that she is incarcerated. (ECF No. 2 at 1.) However, it is not clear from
    her filings whether she is a pre-trial detainee awaiting trial for criminal charges in State or Federal Court,
28   a Bureau of Immigration and Customs Enforcement ("ICE") detainee or whether she is serving a
    sentence following a criminal conviction in State or Federal court.

1  both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*,

2  789 F.2d 1328, 1331 (9th Cir. 1986)).

3      The Court denies Plaintiff's request without prejudice because, for the reasons set forth

4  below, neither the interests of justice nor exceptional circumstances warrant appointment of

5  counsel at this time. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at

6  1017.

7                                              **III.**

8                    **SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)**

9      Any complaint filed by a person proceeding IFP is subject to sua sponte dismissal by the

10  Court to the extent it contains claims which are "frivolous, malicious, fail to state a claim upon

11  which relief may be granted, or seek monetary relief from a defendant immune from such relief."

12  28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam)

13  (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez*

14  *v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits,

15  but requires a district court to dismiss an in forma pauperis complaint that fails to state a

16  claim."). "[W]hen determining whether a complaint states a claim, a court must accept as true

17  all allegations of material fact and must construe those facts in the light most favorable to the

18  plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Barren v. Harrington*,

19  152 F.3d 1193, 1194 (9th Cir. 1998) (§ 1915(e)(2) "parallels the language of Federal Rule of

20  Civil Procedure 12(b)(6).").

21      Plaintiff's Complaint contains virtually no factual allegations. Plaintiff alleges "rape,

22  attempted murder and hostage holding" and Defendant Castraholmes is "guilty of the said

23  crimes." (Compl. at 1.) As an initial matter, the Court takes judicial notice that Plaintiff filed

24  eighteen (18) separate actions on November 1, 2012 in this Court.[2] A court "'may take notice

25  ───────────────────

26      [2] In each one of these actions, Plaintiff names one defendant and each complaint contains
virtually the identical allegations to the action currently before this Court. *See Salvador v. Bias*, S.D.
Cal. Civil Case No. 12cv2677 DMS (WVG); *Salvador v. Hudson*, S.D. Cal. Civil Case No. 12cv2678
27  DMS (PCL); *Salvador v. Morrell*, S.D. Cal. Civil Case No. 2679 GPC (BLM); *Salvador v. Ahmed*, S.D.
Cal. Civil Case No. 12cv2680 BEN (NLS); *Salvador v. Hansberg*, S.D. Cal. Civil Case No. 12cv2681
28  CAB (WMc); *Salvador v. Perry*, S.D. Cal. Civil Case No. 12cv2682 BTM (PCL); *Salvador v. Blas*,
S.D. Cal. Civil Case No. 12cv2683 CAB (WVG); *Salvador v. George*, S.D. Cal. Civil Case No.

1   of proceedings in other courts, both within and without the federal judicial system, if those

2   proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225

3   (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see*

4   *also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244,

5   248 (9th Cir. 1992).

6        Plaintiff does not identify the constitutional or federal statutory basis for this suit.

7   Accordingly, because Plaintiff is proceeding pro se, the Court would generally consider her

8   claims liberally to arise under either the Civil Rights Act, 42 U.S.C. § 1983 or *Bivens v. Six*

9   *Unknown Named Fed. Narcotics Agents*, 403 U.S. 388 (1971). *See Haines v. Kerner*, 404 U.S.

10  519-20 (1972) (noting that allegations asserted by pro se petitioners, "however inartfully

11  pleaded," are held "to less stringent standards than formal pleadings drafted by lawyers"),

12       To state a claim under § 1983, Plaintiff must allege that: (1) the conduct she complains

13  of was committed by a person acting under color of state law; and (2) that conduct violated a

14  right secured by the Constitution and laws of the United States. *Humphries v. County of Los*

15  *Angeles*, 554 F.3d 1170, 1184 (9th Cir. 2009) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). To

16  the extent Plaintiff seeks to sue this Defendant pursuant to § 1983, her Complaint fails to allege

17  any facts sufficient to show that this Defendant acted "under color of state law." *Franklin v. Fox*,

18  312 F.3d 423, 444 (9th Cir.2001); *see also Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir.

19  2003) ("While generally not applicable to private parties, a § 1983 action can lie against a private

20  party" only if he is alleged to be "a willful participant in joint action with the State or its

21  agents.") (citation and quotation marks omitted).  There are no factual allegations identifying

22  Defendant Castraholmes as a state actor.

23  / / /

24  / / /

25  _____

26  12cv2685 BEN (RBB); *Salvador v. Stransberg*, S.D. Cal. Civil Case No. 12cv2686 H (WMc); *Salvador v. Shornfelder*, S.D. Cal. Civil Case No. 12cv2687 CAB (MDD); *Salvador v. Perry*, S.D. Cal. Civil Case No. 12cv2688 BEN (RBB); *Salvador v. Boktar*, S.D. Cal. Civil Case No. 12cv2689; *Salvardor v. Williams*, S.D. Cal. Civil Case No. 12cv2690 MMA (JMA); *Salvador v. Cheema*, S.D. Cal. Civil Case No. 12cv2691 WQH (RBB); *Salvador v. Rodwell*, S.D. Cal. Civil Case No. 12cv2692 GPC (NLS); *Salvador v. Edwards*, 12cv2693 JAH (PCL); *Salvador v. Morales*, S.D. Cal. Civil Case No. 12cv2694 GPC (WVG).

27

28

1   To the extent that Plaintiff is seeking to bring this suit pursuant to *Bivens,* the Court finds

2   again that Plaintiff has failed to state a claim. *Bivens* established that "compensable injury to

3   a constitutionally protected interest [by federal officials alleged to have acted under color of

4   federal law] could be vindicated by a suit for damages invoking the general federal question

5   jurisdiction of the federal courts [pursuant to 28 U.S.C. § 1331]." *Butz v. Economou,* 438 U.S.

6   478, 486 (1978). "Actions under § 1983 and those under *Bivens* are identical save for the

7   replacement of a state actor under § 1983 by a federal actor under *Bivens.*" *Van Strum v. Lawn,*

8   940 F.2d 406, 409 (9th Cir. 1991).

9   To state a private cause of action under *Bivens,* Plaintiff must allege: (1) that a right

10  secured by the Constitution of the United States was violated, and (2) that the violation was

11  committed by a federal actor. *Id.; Karim-Panahi v. Los Angeles Police Dept.,* 839 F.2d 621, 624

12  (9th Cir. 1988). *Bivens* provides that "federal courts have the inherent authority to award

13  damages against federal officials to compensate plaintiffs for violations of their constitutional

14  rights." *Western Center for Journalism v. Cederquist,* 235 F.3d 1153, 1156 (9th Cir. 2000).

15  However, a *Bivens* action may only be brought against the responsible federal official in his or

16  her individual capacity. *Daly-Murphy v. Winston,* 837 F.2d 348, 355 (9th Cir. 1988). *Bivens*

17  does not authorize a suit against the government or its agencies for monetary relief. *FDIC v.*

18  *Meyer,* 510 U.S. 471, 486 (1994); *Thomas-Lazear v. FBI,* 851 F.2d 1202, 1207 (9th Cir. 1988);

19  *Daly- Murphy,* 837 F.2d at 355.

20  Nor does *Bivens* provide a remedy for alleged wrongs committed by a private entity

21  alleged to have denied Plaintiff's constitutional rights under color of federal law. *Correctional*

22  *Services Corp. v. Malesko,* 534 U.S. 61, 69 (2001) ("'[T]he purpose of *Bivens* is to deter *the*

23  *officer,*' not the agency.") (quoting *Meyer,* 510 U.S. at 485); *Malesko,* 534 U.S. at 66 n.2

24  (holding that *Meyer* "forecloses the extension of *Bivens* to private entities."). Again, there are

25  simply no factual allegations that would indicate that Defendant Castraholmes is a federal actor.

26  Without § 1983, or some other constitutional or federal statutory basis for her suit, this

27  Court lacks subject matter jurisdiction altogether. *Bowles v. Russell,* 551 U.S. 205, 212 (2007)

28  ("Within constitutional bounds, Congress decides what cases the federal courts have jurisdiction

1    to consider. Because Congress decides whether federal courts can hear cases at all, it can also

2    determine when, and under what conditions, federal courts can hear them.") (citation omitted);

3    *see also SEC v. Ross*, 504 F.3d 1130, 1140-41 (9th Cir. 2007) (finding the naming of a person

4    in a motion insufficient to commence a civil action against him as a party).

5       Accordingly, for all the above stated reasons, the Court must dismiss this action but will

6    provide Plaintiff leave to file an Amended Complaint in order to correct the deficiencies of

7    pleading identified in the Court's Order.

8                       **IV.**

9              **CONCLUSION AND ORDER**

10      Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

11      1.     Plaintiff's Motion for Appointment of Counsel [ECF No. 3] is **DENIED** without

12    prejudice.

13      2.     Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No.  2]

14    is **GRANTED**.

15      3.     The Warden of the San Diego Detention Center, or his designee, shall collect from

16    Plaintiff's trust account the $350 balance of the filing fee owed in this case by collecting

17    monthly payments from the account in an amount equal to twenty percent (20%) of the preceding

18    month's income and forward payments to the Clerk of the Court each time the amount in the

19    account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).  ALL PAYMENTS SHALL

20    BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS

21    ACTION.

22      4.     The Clerk of the Court is directed to serve a copy of this Order on Warden, San

23    Diego Detention Center, P.O. Box 439049, San Diego, California 92163.

24      **IT IS FURTHER ORDERED** that:

25      5.     Plaintiff's Complaint is **DISMISSED** without prejudice for failing to state a claim

26    upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2) & § 1915A(b).

27      6.     Plaintiff is **GRANTED** forty-five (45) days leave from the date this Order is filed

28    in which to file a First Amended Complaint which cures all the deficiencies of pleading noted

1   above. Plaintiff's Amended Complaint must be complete in itself without reference to his

2   original Complaint. *See* S.D. CAL. CIVLR 15.1. Defendants not named and all claims not re-

3   alleged in the Amended Complaint will be considered waived. *See King v. Atiyeh*, 814 F.2d 565,

4   567 (9th Cir. 1987). If Plaintiff fails to file an Amended Complaint within 45 days, this action

5   shall remain dismissed without further Order by the Court.

6       7.      The Clerk of Court is directed to mail a Court approved civil rights complaint form

7   to Plaintiff.

8   DATED: __12/26/12__      _____

9

10                      **HON. WILLIAM Q. HAYES**
                      United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28